UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT B.,

                                        Plaintiff,                    Case # 20-CV-1596-FPG

v.                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

Plaintiff Robert B. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits.  ECF No. 1.  On February 9, 2022, the Court entered a Decision and Order remanding the matter for further administrative proceedings.  ECF No. 19. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney $7,822.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 23.

On January 27, 2024, the SSA issued a Notice of Award granting Plaintiff and Plaintiff's three children past-due benefits of $373,039.90 and withholding $93,259.98—25% of the total past-due amount—for attorney's fees. ECF No. 24-2 ¶¶ 7–11.

On February 13, 2024, Plaintiff moved for $56,304.00 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 24 at 1.  The Commissioner defers to the Court's determination of whether the request is reasonable.  ECF No. 27 at 1.  For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $56,304.00 in fees, and counsel shall remit the $7,822.00 in EAJA fees to Plaintiff.

**DISCUSSION**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).[1]

Within the 25% percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 17-CV-06430, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $56,304.00 in fees represents less than 25% of past due

---

[1] The fee motion was timely because it was filed seventeen days after the Notices of Award were issued on January 27, 2024. *See Georgette T. v. Comm'r of Soc. Sec.*, No. 20-CV-846, 2024 WL 1192993, at *1 (W.D.N.Y. Mar. 20, 2024) (citing *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019)) (noting that a party must move for fees within fourteen days of notice of a benefits award and that courts presume that a notice is received three days after mailing).

benefits—$93,259.98—and therefore does not exceed the statutory cap.  The Commissioner does not dispute this.  *See* ECF No. 27 at 1–3.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a fully favorable decision awarding benefits to Plaintiff and to Plaintiff's children. *See* ECF Nos. 15-1, 24-4, 24-5, 24-6, 24-7, 24-8.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past-due benefits and the potential fee award. Although Plaintiff's counsel requested an extension of two months to file his motion for judgment on the pleadings, ECF No. 13, there is no indication that he did so to inflate the fee. As counsel notes, the requested fee is over $36,000 lower than the amount withheld for attorney's fees.  *See* ECF No. 24-1 at 7.  The two-month delay, on the other hand, resulted in an increase of only $1,288.00 in the amount withheld from Plaintiff's past-due benefits.  *Id.*  The Court therefore concludes that counsel did not unreasonably delay the proceedings to inflate his potential fee award.

As to the third factor, that is, whether the fee award constitutes a windfall to the attorney, the Supreme Court has directed courts to consider "whether the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.  This is not an invitation to apply the lodestar method, however.  *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[T]he windfall factor does not constitute a way of reintroducing the lodestar method."). In *Fields*, the Second Circuit emphasized that the windfall analysis is primarily concerned with whether the fee was unearned.  *Id.* at 856.  Courts consider four factors in determining whether a fee is unearned: (1) whether counsel has a special "ability and expertise" that permits him to be

3

particularly efficient, (2) whether counsel's relationship with the claimant predates the case in federal court, (3) whether the claimant is satisfied with the results, and (4) the level of uncertainty surrounding the likelihood of obtaining an award of benefits and the effort it took to achieve the award. *Id.* at 854-55. "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id.*

Here, the fee requested by counsel has been earned. Counsel has concentrated his law practice in Social Security Disability and Supplemental Security Income claims, and similar claims under other federal and state statutes, for thirty-five years. ECF No. 24-2 ¶ 15. In his thirty-seven years as an attorney, he has represented claimants in thousands of such claims. *Id.* He has provided continuing legal education lectures and public service talks on Social Security and related issues, and frequently advises other attorneys on Social Security issues as they relate to other areas of the law including elder law and personal injury cases. *See id.* Moreover, counsel has represented Plaintiff in this matter beginning with his initial application in 2014, nearly six years before Plaintiff filed his district court appeal. *See id.* ¶ 3. Moreover, the efforts on behalf of Plaintiff were particularly successful, resulting in a fully favorable decision and a six-figure award of past-due benefits, along with ongoing monthly benefits, ECF No. 24-5, plus past-due benefits for Plaintiff's three children, ECF Nos. 24-6, 24-7, 24-8. Counsel has informed Plaintiff of his request, ECF No. 24-2 ¶ 21, and there is no indication that Plaintiff objects to counsel's fee request. Plaintiff also agreed that his attorney would receive fees equal to 25% of past-due benefits awarded, ECF No. 24-3 at 1, an amount greater than that which counsel requests. The Court also recognizes that, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a Social

4

Security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Finally, while the Court acknowledges that the de facto hourly rate of $1,530.00[2] is relatively high, this Court must consider more than that rate in deciding whether there is a windfall. *Fields*, 24 F.4th at 854. Having considered counsel's specialization in Social Security matters, the length of the professional relationship, and the excellent results achieved for Plaintiff, the Court concludes that the fees requested do not constitute a windfall. *See id.* at 856. Moreover, the amount requested is below the 25% cap and the de facto hourly rate is in line with the fees that courts have approved in the past. *See e.g.*, *id.* (de facto hourly rate of $1,556.98); *John C. v. Comm'r of Soc. Sec.*, No. 20-CV-99, 2023 WL 2623584, at *2 (W.D.N.Y. March 24, 2023) (de facto hourly rate of $1,685.39); *Leonard J.H. v. Comm'r of Soc. Sec.*, 2023 WL 2768300, at *4 (W.D.N.Y. Apr. 4, 2023) (de facto hourly rate of $1,473.77); *Eric K. v. Berryhill*, No. 15-CV-845, 2019 WL 1025791, at *3 (N.D.N.Y. March 4, 2019) (de facto hourly rate of $1,500). Accordingly, the Court concludes that the requested fee of $56,304.00 is reasonable. Further, counsel must return the $7,822.00 in EAJA fees to Plaintiff.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b), ECF No. 24, is GRANTED and Plaintiff is awarded $56,304.00 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After receiving the § 406(b) fee, counsel must remit the $7,822.00 EAJA fee to Plaintiff.

IT IS SO ORDERED.

---

[2] $56,304.00 divided by 36.8 hours. *See* ECF No. 24-2 ¶ 14.

Dated: March 25, 2024
     Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York